IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARCUS G. HODGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-02322 |
| | ) | |
| STEVENSON NIXON, Warden, | ) | Judge Trauger |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Marcus Hodge, a state prisoner incarcerated at the Charles Bass Correctional Complex, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1) seeking review of his 2011 conviction in the Criminal Court for Davidson County, Tennessee. Before the court is the respondent's motion to dismiss the petition on the grounds that (1) it is barred by the statute of limitations; (2) the petitioner failed to exhaust his state remedies; and (3) the petitioner's claims do not present a cognizable basis for habeas relief. (ECF No. 17.) The petitioner has filed a response in opposition to the motion to dismiss (ECF No. 22), essentially arguing that he is a layman who is ignorant of the law.

Notwithstanding, for the reasons set forth herein, the court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). The court will grant the motion to dismiss on that basis.

## I.      Procedural Background

Mr. Hodge pleaded guilty on July 18, 2011 to two counts of selling over .5 grams of a Schedule II controlled substance and one count of possession with intent to sell over 26 grams of a Schedule II controlled substance. (Judgments, ECF No. 1, at 15–17.) As part of a plea agreement, the petitioner pleaded guilty as a "persistent offender" and received a total sentence of twenty-three years in the custody of the Tennessee Department of Corrections, with 30% release eligibility. (*Id.*)

The petitioner did not pursue a direct appeal or post-conviction relief. Instead, he filed a state habeas corpus petition on or around October 1, 2014, arguing that his sentence was illegal and therefore

void. (*See* Petition, ECF No. 1, at 10–13.) The state court denied the petition on October 20, 2014, on the grounds that the petitioner's allegations, even if true, showed that his sentence was voidable rather than void and that habeas corpus relief under Tennessee law is available only if the petitioner shows that his judgment is void. (Order, ECF No. 1, at 8–9.) It does not appear that the petitioner appealed that determination. Instead, he filed his petition for the writ of habeas corpus in this court on November 13, 2014, again arguing that his sentence is illegal under state law and that his plea was not knowing and voluntary because of the ineffectiveness of his attorney.

The court entered an initial order directing the respondent to file an answer, motion, or other response. The respondent has now filed his motion to dismiss the petition along with a supporting memorandum of law (ECF Nos. 17, 18), and the petitioner has filed a response (ECF No. 22).

## II.    The One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events, only one of which is relevant here: the date on which the state-court "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA also provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Jurado v. Burt*, 337 F.3d 638, 640 (2003).

In addition, the limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citing omitted).

**III.    Application of the Statute of Limitations to this Case**

Judgment was entered in the underlying criminal case on July 18, 2011. The petitioner did not pursue a direct appeal, so his conviction became final thirty days later, on August 17, 2011, the last day upon which he could have filed a notice of appeal. Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003); see also Gonzalez v. Thaler, 565 U.S. ----, 132 S. Ct. 641, 653 (2012) (confirming that a judgment becomes final when the time for seeking direct review expires). The one-year statute of limitations for filing a federal habeas petition under 28 U.S.C. § 2254 began running the next day, on August 18, 2011. 28 U.S.C. § 2244(d)(1). The petition in this case was filed more than three years later, around November 13, 2014. The petition is therefore time-barred unless the petitioner can show some basis for statutory or equitable tolling.

While the one-year limitations period in AEDPA may be tolled during the pendency of a state post-conviction petition, Mr. Hodge does not receive the benefit of this rule, even assuming that his state habeas corpus petition qualifies as an application for collateral review that will toll the federal statute of limitations, because he did not file his state habeas petition until after the one-year statute of limitations for filing a habeas petition in federal court had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (citation omitted)).

Nor does Mr. Hodge allege facts or circumstances that might warrant equitable tolling. In his response to the motion to dismiss, he asserts only that he filed a motion to withdraw his plea in the Davidson County Criminal Court on August 3, 2011, and a motion for sentence reduction on August 17, 2011. He sent a letter to the Davidson County Clerk on November 8, 2011 inquiring about the status of these motions but never received a response. After that, he waited until sometime in 2013 to get his family to procure and forward to him a copy of his judgment papers, which was how he found out that his lawyer "pled [him] out as a persistent criminal and had waived [his] Range and pled [him] to a Range III sentence." (ECF No. 1, at 5.) He then waited until around October 1, 2014 to file his state habeas corpus petition.

This chronology of events does not establish that the petitioner diligently pursued his rights or that

extraordinary circumstances prevented him from doing so. Equitable tolling does not apply. The statute of limitations expired on August 17, 2012, more than two years before the petitioner filed his state habeas petition or the petition in this case.

## IV. Conclusion

Because it plainly appears from the state-court record that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that the petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge